RALPH MATTINGLY'S ADMR. *v.* GEORGE W. GRAVES.

**Reformation of Instruments—Correction of Deed—Warranty.**

Where land is sold at public auction and it is announced by the auctioneer that it is sold subject to a dower interest, the purchaser has no right to have the deed reformed so as to contain a warranty of title, in order that he may recover thereon.

APPEAL FROM MARION CIRCUIT COURT.

October 14, 1871.

OPINION BY JUDGE PRYOR:

The opinion heretofore rendered in this case was not a final adjudication of the rights of these parties.

The appellee, E. N. Mattingly, regarded his answer as a counter-claim, and insisted upon the hearing in this court that as the appellant, Graves, had failed to controvert it by a reply, it should have been taken as confessed. This court, in the opinion, says, "that as the answer was not made a cross-petition against the widow and heirs of Ralph Mattingly, who, as well as the plaintiff, would have been necessary parties to a suit to correct the deed, and as exoneration from liability on the warrants was the relief sought, it should have been, in our opinion, treated as an answer, setting up affirmative matter of defense only. But as the parties, if not the court, may from the ambiguous form of the answer have misconstrued it, it will be proper on the return of the cause to allow amended or other appropriate pleadings filed and further preparation to be made. And to enforce the warranty of Ralph Mattingly as to any available assets of his estate the plaintiff should be permitted to amend as to make the personal representative and heirs defendants."

The answer of E. N. Mattingly was amended on the return of the case and made a cross-petition against the widow and heirs, and proof taken as to the alleged mistake in the deed. The proof is conclusive that the land, unincumbered by Mrs. Mattingly's potential right of dower, would at the sale have brought fifty dollars per acre. Many persons present at the sale state that it was publicly announced by the auctioneer that it was sold subject to this right of dower. Graves, the purchaser, so understood it, as it is clearly proven by his statement to others. The lawyer who wrote the deed says that E. N. Mattingly when in his office to have the deed written was advising Graves to buy the dower, and that the reason he omitted the clause of warranty in the deed was because of the usual practice to do so. This proof is all uncontradicted in any way except by the reply of the appellee Graves to the cross-petition of E. N. Mattingly. There is no doubt but what the land was sold subject to the dower. and that the appellee Graves is not entitled to recover on the warranty.

The court below adjudges that the warranty was inserted by mistake and that the sale was made subject to Mrs. Mattingly's potential right of dower, but nevertheless proceeds by the judgment to make the estate of R. Mattingly liable upon the warranty. It is difficult to conceive how this liability could exist if the warranty was inserted by mistake, and formed no part of the contract.

If the court determines, as it has properly done, that the warranty was not a part of the contract and should be eliminated from the deed or the deed made to conform to the real contract between the parties, it necessarily adjudges that the appellee Graves has no cause of action. The judgment, for the reasons indicated, is reversed on the original and affirmed on the cross-appeal, and remanded, with directions to the court below, to dismiss the appellee's petition and for further proceedings on the answer and cross-petition of E. N. Mattingly not inconsistent with this opinion.

*Harrison, for appellant.*
*Lisle, for appellee.*